## DYER v. HARRIS et al.

1. **Judicial sale:** RIGHTS OF PURCHASER: INTERVENTION. A purchaser of real estate under a mortgage foreclosure succeeds to the rights of the mortgagee therein; and accordingly has the right subsequently to intervene and be joined with the plaintiff in the foreclosure proceeding, which, after foreclosure and decree against the mortgagor, has been continued as to a defendant who purchased a portion of the premises after the execution of the mortgage, and who contests the claim of plaintiff.

*Appeal from Howard District Court.*

MONDAY, JUNE 10.

THE necessary facts will be found stated in the opinion.

*James O. Crosby* for the appellant.

No appearance for the appellee.

LOWE, Ch. J.—This is an appeal by an intervenor, who was not permitted to assert and have adjudicated his

Dyer v. Harris.

1. JUDICIAL
SALE: rights
of purchas-
ers: interven-
tion.

interest in the subject-matter of controversy between the original parties to the suit. His alleged right to do so grew out of the following state of case: Dyer sold two eighty acre tracts of land to the defendant Harris for $6,000, on one year's credit, giving bond for title on payment of the purchase-money. Harris sold portions of this land to various persons, among others a half acre, more or less, to one Nathaniel Niles, who erected thereon a distillery, and died. One Wade established a mechanic's lien against said half acre and distillery, in a judicial proceeding; obtained judgment; the property was sold under execution, and one Thomas Dale became the purchaser, getting finally a sheriff's deed therefor, without its being redeemed. In the mean time Harris failed to pay the purchase-money to the plaintiff Dyer, who commenced this action to foreclose the title bond, making Harris, Niles' heirs and executors, Dale and other parties defendants.

Dale, alone, made defense, filing a cross-bill setting up claim to the half acre and distillery. Harris made default, and judgment was taken against him for $4,882.16 and costs, and the interest of the other defendants cut off, except as to Dale and Chase. As to these the cause was continued. Subsequently, to satisfy this judgment, a special execution was issued against the two eighty acre tracts of land above named; they were sold at sheriff's sale for $5,319.62 in full satisfaction of plaintiff's claim and costs, and purchased by one Jerome J. Case, to whom a sheriff's deed was made. After this, Dale's cross-bill still pending, was amended, in which *inter alia*, he alleged that Dyer's claim was fully paid off and satisfied. At this stage of the proceedings, Case filed his petition of intervention, setting forth his interest in the controversy, the nature of which is readily inferred from the foregoing

statement, asking that he might be joined as party thereto with the plaintiff. This petition the defendant Dale moved might be stricken from the files. The court sustained the motion on the ground, as the record indicates, that the purchaser at the execution sale did not acquire the right to intervene for the further prosecution of the original suit.

This is not our understanding or interpetation of the rules which hold .in intervention, as specified in section 2930 *et seq.* of the Revision.

Case, in purchasing the property in question at sheriff's sale under a mortgage foreclosure, acquired not only whatever interest the mortgagor had in the premises, but succeeded, and, in law, should be subrogated to the rights of the mortgagee. In this respect, the petition did set forth the facts constituting the grounds on which the intervention rested. It was filed before the trial was commenced, and while the suit between Dyer and Dale was pending. It stated the interest which the intervenor had in the matter in litigation, showing that after the sheriff's sale aforesaid, it was identical with that of the plaintiffs, as it existed before such sale. The order dismissing the petition of intervention, or striking it from the files, will be reversed and the cause remanded.

Reversed.