56    303
f109 178
56    303
d113 715

DUNHAM, BUCKLEY & CO. ET AL. V. GREENBAUM, SCHRODER & CO. ET AL.

**1. Intervention:** GENERAL ASSIGNEE: ATTACHMENT. An assignee for the benefit of creditors may intervene in an attachment suit brought against his assignor prior to the assignment, and set up a claim. against the plaintiff therein for damages sustained by his assignor by reason of the wrongful suing out of the attachment, and this although the assignor has himself pleaded the same as a counter claim.

*Appeal from Des Moines District Court.*

MONDAY, JUNE 13.

E. S. TAYLOR filed a petition of intervention which plaintiffs moved to strike. The motion was overruled, and from this decision plaintiffs appeal.

*Hall & Huston*, and *Martin, Murphy & Lynch*, for appellant.

*Newman & Blake* and *Smyth & Son*, for appellee

BECK, J.—I. The several plaintiffs brought separate actions by attachment against Greenbaum, Schroder & Co., and upon the writs issued therein the stock of merchandise of defendants was seized. Gilbert, Hedge & Co., brought an action against defendants, and certain mortgagees of the property attached, setting up an

1. INTERVEN-
TION : gener-
al assignee :
attachment.

equitable landlord's lien, and praying for an injunction to re-
strain the defendants from removing the goods attached in
the actions. The plaintiffs filed a bill in chancery against all
persons known to have an interest in the attached property,
praying the appointment of a receiver and alleging that the
mortgages are fraudulent and void. Upon the filing of this
bill the court appointed a provisional receiver and fixed a day
for hearing the application for the appointment of a receiver.
On the same day defendants made a general assignment of
their property to E. S. Taylor, who was not made a party to
the chancery proceeding just mentioned, as the assignment
was not known to the plaintiffs therein when their bill was
filed. All of the separate actions we have mentioned were
brought in the Circuit Court. On the day the application
for the appointment of a receiver was set for hearing, all of
the cases were taken upon a change of venue to the District
Court upon the application of Greenbaum, Schroder & Co.
Thereupon, all the cases, together with the proceedings in
the assignment, were consolidated as one case, and the as-
signee, Taylor, was appointed receiver, with power to sell the
goods in the usual course of business. Greenbaum, Schroder
& Co. then filed answers in the actions in attachment, admit-
ting the causes of action, but setting up counter-claims up-
on the attachment bonds for the wrongful suing out of the
attachments. Subsequently Taylor, as assignee of Green-
baum, Schroder & Co., filed a petition of intervention in each
of the attachment suits, claiming to recover upon the respec-
tive attachment bonds for the wrongful suing out of the
writs, alleging that the respective claims upon the bonds were
transferred to him by the general assignment. His claims
for damages are the same as those set up in the counter-
claims of Greenbaum, Schroder & Co. The plaintiffs in the
attachment actions moved to strike the petition of interven-
tion, on the ground that the intervenor is not entitled to the
remedy which he attempts to pursue by intervention. The
motion was overruled, and from this decision of the District

Court plaintiffs appeal. The only question in the case involves an inquiry into the correctness of this decision.

The facts are intricate, and confusion naturally arises in the mind when an attempt is made to contemplate all in one view in order to determine the rights of the respective parties. If we first determine what rights the respective parties set up and what the law secures to each, the case becomes simple, and no confusion results on account of the conflicting claims of the several parties to the numerous suits consolidated as one. We will proceed in this manner to the consideration of the case.

II. The defendants in the attachment suits and the intervenor, allege that the attachments were wrongfully sued out and that defendants sustained great damage thereby. For such an injury the law gives the defendants a remedy which they may pursue by counter-claims in the respective attachment suits. The claims for damages are made, and, as at this stage of the proceedings no inquiry can be made into their rights to recover thereon, they must now be regarded as valid claims, and the rights of the parties must be considered as they would be regarded were it admitted that defendants are entitled to recover upon the claims in proper proceedings.

These claims in the hands of defendants are, transferable under our statute, and it is conceded by counsel for plaintiffs, as we understand their arguments, that the claims passed to the assignee under the general assignment. This is the point of the case whereon its decision turns. Now, how may the assignee enforce these claims under the peculiar facts of the case, and what remedy shall he pursue?

The defendants, in their counter claims, insist that they are entitled to recover damages thereon. As we have seen, the claims are transferred to the assignee. It is very plain that if the claims in the hands of the assignee may be enforced in the attachment actions, thereby the plaintiffs' judgments will be wholly defeated, or reduced in part, or judgments for damages may be recovered against the plaintiffs; in either

case the benefits ought to go to the estate held by the assignee.
The assignee is entitled to the same rights and remedies for
the enforcement of these claims as were held before the assign-
ment by the defendants. He has an interest in the matters
in litigation involving these claims, which is adverse to both
plaintiffs and defendants. Under Code, section 2683, he has
clearly a right to intervene in the action and set up the claims
against plaintiffs. If the claims be established to any extent,
the estate which he represents will be benefitted thereby. If
there shall be judgments against plaintiffs for sums greater
than the amounts of the debts of defendants, the estate will be
entitled to the proceeds gained therefrom.

The defendants may not be entitled to recover upon the
counter-claims for the reason that they were transferred by
the assignment to the assignee. But the question involving
their rights to recover thereon is involved in their counter-
claims, which are prosecuted by them in the attachment suits.
The assignee insists that the claims for damages were trans-
ferred to him by the general assignment. Questions may
arise involving the rights of either plaintiffs or defendants to
insist that their claims for damages and the debts of defend-
ants should be set off, the one class of indebtedness against
the other. But be this as it may, there can be no doubt that
the assignee has an interest in the counter-claims. The
statute above cited authorizes him to intervene in the actions
to the end that this interest may be protected.

III. Counsel for plaintiffs argue that the assignee cannot
be substituted in the actions so as to take the place of the de-
fendants. This position is probably correct; but we do not
discover that it has any bearings adverse to the assignee's
right to intervene.

The counsel for plaintiffs admit that the assignee may pros-
ecute an original suit to recover damages for the wrongful
issuing of the writs of attachment. In such a suit they in-
sist that the defendants thereon may plead counter-claims.
This position may be admitted. But they further insist that

if the assignee be permitted to intervene, the same parties against whom the action should be brought could set up no counter-claims against the intervenor's claim. It may be true that these parties could not plead a defense to the intervenor's claim in the form of a counter-claim. But it is very plain that they have the right to set up the same defenses to the intervenor's claim that they could have urged against the defendants, had no assignment been made. The defendants' claims for damages, had there been no assignment, could have been set up as counter-claims against plaintiffs' causes of action. One class of claims may be set up against another. It depends upon which party is the plaintiff, in order to determine that the claims set up shall be called counter-claims. The rights of the parties are not affected by the circumstances of their being plaintiffs or defendants, nor by the name given to the particular form of remedy which, on account of such circumstances, they may be required to pursue.

Counsel for plaintiffs speak of the assignee's claim made in his petition of intervention as a counter-claim, and insist that he cannot plead a counter-claim as a defense. We think the intervenor does not so plead his claim. The abstract, without reciting the pleading, shows that the petition of intervention alleges that the assignee has become entitled to recover the damages sustained by the wrongful issuing of the attachments, and asks judgment therefor. It is not stated that the damages are pleaded as a counter-claim.

We reach the conclusion that the District Court rightly overruled plaintiffs' motion to strike out the petition of intervention.

AFFIRMED.