DUPONT & Co., Appellants, v. J. M. AMOS, Sheriff, Defendant, M. M. BARR AND NORMAN HASKINS, Receiver, Intervener, Appellees.

**Intervention:** DEFAULT. Under statutory provisions, Code, 3228 and 2684, which allow third persons to intervene in replevin, but deny intervener the right to delay the proceedings between the original parties, it is error to allow an intervention after default has been entered against the defendant, where such intervention delays judgment on the default, and where the failure to intervene sooner is not well excused.

SAME—PRACTICE. In an action to replevin attached property from a sheriff, one *who claims under the attachment* cannot enforce his rights thereunder by intervening in the replevin suit, after the sheriff has made default in said suit.

*Appeal from Marion District Court.—*HON. J. H. APPLEGATE, Judge.

THURSDAY, APRIL 9, 1896.

ACTION of replevin to recover the possession of certain blasting powder from the defendant, Amos, Norman Haskins, receiver of the Black Diamond Coal and Mining Company, and M. M. Barr, a judgment creditor of the mining company, intervened. There was a trial to a jury, resulting in a verdict and judgment for the intervener, Barr, and plaintiff appeals.— *Reversed.*

*Geo. W. Crozier* and *S. C. Johnson* for appellants.

*Hays Bros.* and *Dudley & Coffin* for appellees.

DEEMER, J.—On the tenth day of November, 1893'
the plaintiff commenced this action in replevin against
the defendant, Amos, as sheriff, alleging that it was
the absolute and unqualified owner, and entitled to
the possession of certain blasting, or mining powder,
which the defendant wrongfully detained from it. A
writ was issued on the tenth of November, and the
property was taken and delivered to the plaintiff. On
the twenty-ninth of November, a default was entered
against the defendant for want of appearance or
answer. On the fifth of December, M. Coffee and
M. M. Barr obtained leave to file petitions of inter-
vention. On the twelfth day of December the cause
was called for trial, and the attorney for the inter-
vener, Barr, objected to going to trial at that time,
and asked a postponement until a later day in the
term, and that he have until a later day in which to
file a petition of intervention on behalf of Barr, stat-
ing that he understood, when he took leave to file the
petition, that he was to have a day later than the
twelfth in which to file the same, and that he had not
been able to get his petition on file. Plaintiff's attor-
ney objected to the postponement of the trial, but
expressly stated that he did not controvert the
statement of intervener's attorney as to his under-
standing of the time within which to file his petition
of intervention, nor to the fact that he was not then
prepared to go to trial, but insisted that the trial pro-
ceed, agreeing, however, that if, after plaintiff's evi-
dence was taken, the intervener should not be ready to
file his petition of intervention, or produce his evi-
dence, and the court should find that intervener was
entitled to a postponement of the trial of the cause,
such postponement should be treated and considered
as though granted at the time it was asked; that is to
say, that if the court should find, upon the conclusion

of plaintiff's evidence, that, at the time of the commencement of the taking of plaintiff's evidence, the intervener was legally entitled to a postponement of the trial, the ruling of the court should be considered and treated by the parties the same as though made at the time the plaintiff commenced the taking of the testimony, and before any evidence had actually been taken, which agreement and understanding was made at the time the taking of the testimony on behalf of the plaintiff was begun, on the twelfth day of November, 1893. Thereupon, on the twelfth day of December, the case came on to be heard on its merits, and plaintiff introduced its testimony in support of its petition. After all the evidence had been taken, the defendant, sheriff, filed a motion to set aside his default, to which was attached an answer he proposed to file. On the thirteenth of December, Norman Haskins, receiver, filed a motion to set aside the default of the defendant, and for leave to intervene, which was supported by an affidavit of his attorney, excusing his delay in presenting the petition. To this motion plaintiff filed objections, based upon the grounds: *First.* That the case had been upon the docket since November 12, and had been regularly tried on the part of plaintiff, and no pleading or appearance had been made by the receiver; that the intervention would necessarily cause delay, and no good reason why the petition was not filed in time had been given. *Second.* Because the affidavit of intervener's attorney shows that he knew of the pending of the suit in sufficient time to have enabled him to file a petition before the case was reached for trial. *Third.* Because the petition shows that the receiver had no interest in the action or the subject matter thereof. These objections were supported by affidavits. On the fourteenth day of December the court overruled the motion of defendant to set

aside the default, and sustained the application of the receiver to be allowed to intervene, and gave the intervener ten days in which to file his petition, to which ruling the plaintiff excepted. On the thirteenth of December, Barr filed his petition of intervention, in which he claimed the right to the possession of the property in controversy, through the sheriff, by virtue of the levy thereon of a writ of attachment in a certain action in which he was plaintiff and the mining company was defendant; that the property, at the time it was taken, was the property of the mining company, and that plaintiff had no interest in, or right thereto; that plaintiff's claim thereto was and is fraudulent, and made with intent to defraud intervener. On the fourteenth day of December plaintiff filed a motion to strike this petition from the files, for the reason that at the time of the filing thereof, this cause, on part of the plaintiff, had been tried, and evidence taken, and had been submitted to the court, and for the reason that intervener obtained leave to file a petition about the fifth day of this month, and was informed by the court, that the petition would be in time, if filed when the cause was called for trial, at which time no petition was filed or offered—this petition having been drawn up and sworn to on the thirteenth day of December, and after the cause had been submitted on the part of the plaintiff—and because the question of intervener's right to file the petition, was argued on the last night, being the thirteenth of this month, and immediately before adjournment, and was not determined until this morning, and because it necessarily delays trial of the case; which motion the court overruled, and plaintiff excepted. On the fourteenth day of December, court adjourned until the second day of January, 1894, upon which last-named day, the Judge not appearing, court adjourned *sine die.* On December 22, 1893, Haskins, the receiver,

filed a petition of intervention, in which he, as receiver
for the coal company, claimed the right to the posses-
sion of the powder, by reason of his appointment
by the district court of Polk county, to care for and
receive the property in question.   On May 11, plaintiff
filed a motion to strike the petitions of intervention
from the files, because they were not filed in time.   This
motion was overruled, and exception taken.   Thereupon
plaintiff filed separate answers to these petitions of
intervention.   On the issues thus joined, the case was
tried to a jury, the trial commencing on the sixteenth
day of May, 1894.   The jury returned a verdict for the
intervener, Barr, fixed the value of his interest in the
property at seven hundred and fifty-one dollars and
seventy-five cents; and for intervener Haskins, and
fixed the value of his interest in the property at one
hundred and seventeen dollars and five cents.   On this
verdict judgment was rendered in favor of Barr, and
against the plaintiff and the sureties on the replevin
bond, for the sum of seven hundred and fifty-one dol-
lars and seventy-five cents; and in favor of the receiver,
against the same parties, for the sum of one hundred
and seventeen dollars and five cents.   The appeal is
from the rulings of the court allowing the petitions
of intervention, and from the judgments rendered in
the action.

The first question presented, raises the inquiry as
to the right of the interveners to come into the case
at the time they did.   The proceedings with reference
to intervention, are wholly statutory, and by
the provisions of our Code, must we be gov-
erned in determining the case.   Section 3228 is
as follows:   "If a third person claim the property, or
any part thereof, the plaintiff may amend and bring
him in as co-defendant, or the defendant may obtain
his substitution by the proper mode, or the claimant
may himself intervene by the process of intervener."

The general statutes of intervention are as follows: Section 2683: "Any person who has an interest in the matter in litigation, in the success of either of the parties to the action or against both, may become a party to an action between other persons, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with defendant in resisting the claim of the plaintiff, or by demanding anything adversely to both plaintiff and defendant, either before, or after, issue has been joined in the cause, and before the trial commences." Section 2684: "The court shall determine upon the intervention at the same time that the action is decided, and the intervener has no right to delay; and if the claim of intervener is not sustained, he shall pay all the costs of the intervention." It will be noticed, from the statement of facts before given, that plaintiff took default against defendant, the sheriff, on November 29; that on the fifth of December, Barr, through his attorneys, took leave to file a petition of intervention; that plaintiff proceeded to trial and introduced its testimony on the twelfth day of December; and that the court, on the fourteenth day of December, refused to set aside the default entered against Amos. Plaintiff was then entitled to a judgment against Amos upon the pleadings and proofs adduced, and no doubt would have received it but for the petition of intervention, which was filed by intervener Barr. The effect of the filing of this petition was to cause delay in the disposition of the case as between the original parties, and thus to set aside the express provisions of the statute. The court should have sustained the objections to the petition filed by Barr, and should have stricken it from the files as soon as it became apparent that to allow it would cause delay in the trial and submission of the case. The court could not give the intervener

such time to file his petition as would result in a post-ponement or continuance of the case. True, there is a showing made to justify the delay of Barr, but we do not think it is sufficient to warrant a postponement of the trial, or a continuance of the case. The effect of the filing of the petition of intervention in the case, was to delay and postpone the case to another term, against the express language of the statute.

There is another insuperable objection to the procedure in this case. Intervener Barr based his right to the possession of the property on a certain levy of attachment made thereon, by the sheriff, and claimed through and under him, and not independent of the officer. If it should be determined that the defendant had no claim or right to the property, under and by virtue of the attachment, then intervener Barr had no right to, or claim against the property. Now, the court refused to set aside the default of the sheriff, and upon the proofs, as they stood at the time Barr was allowed to intervene, plaintiff was entitled to a judgment against the sheriff. The record, as it stands, shows that Amos, the sheriff, was not entitled to the possession of the property; for he was in default, and the evidence, as against him, was conclusive. But intervener Barr, who claimed through the sheriff, is given a judgment for the larger part of the property, when, as a matter of fact, he was not entitled to it, except he obtained it by sequestration proceedings, through the sheriff. The error is so manifest, that further elaboration is unnecessary. It may be that Barr, upon a proper showing, could have had the default entered against the sheriff, set aside, and then, upon being substituted in place of the sheriff, could have made defense to the original suit. But he did not do this. He chose to intervene, after default had been entered against the original defendant, and

to claim through and under him. The only right he had, under such circumstances, if he had any, was to cross-examine plaintiff's witnesses, the same as if the default had been taken against him, as a substituted defendant. There is no sufficient reason given for the time allowed the receiver to intervene. Permitting him to come into the case at the time he did, manifestly caused delay, and resulted in postponing the trial until May, 1894. It may be that, if Barr's intervention was proper, the case was still open for the intervention of other parties; but we think, the court was in error in allowing Barr to come into the case at the time he did, and in postponing the trial until a subsequent term of court. The judgment rendered in favor of Barr was erroneous, by reason of the fact, that the party through whom he claimed, was in default. Other matters are discussed by counsel, but, in view of the disposition made of the case, it is not necessary that we determine them. For the errors pointed out, the judgment is REVERSED.