OF

## THE STATE OF IOWA

AT

## DES MOINES, JANUARY TERM, A. D. 1898,

AND IN THE FIFTY-SECOND YEAR OF THE STATE.

---

DANIEL COOPER, Appellant, v. C. M. MOHLER, Intervener.

**Foreclosure: OWNER OF ONE NOTE:** *Protection of.* A land owner agreed that if an agent for wire fencing should furnish him a purchaser for his land at a certain price, he would purchase a fence from the agent. The purchaser was obtained, and an agreement was made for building the fence, and one of the notes for the price of the land was for the exact contract price of the fence. The notes were all secured by a mortgage on the land. *Held*, that a decree was justified, finding the agent to be the owner of the note given for the price of the fence, and entitled to the protection of said mortgage.

**Intervention: MORTGAGE NOTES.** The holder of one of several notes secured by the same mortgage, which is entitled to a priority over the other notes, is entitled to intervene in an action for the foreclosure of a mortgage, under Code 1873, section 2683.

(301)

*Appeal from Carroll District Court.*—HON. S. M. ELWOOD,
Judge.

TUESDAY, JANUARY 18, 1898.

ACTION in equity against John Wasmund to recover
the amount of certain promissory notes, for the fore-
closure of a mortgage given to secure their payment,
and for other relief. C. M. Mohler intervened, claiming
to be the owner of one of the notes which the mortgage
was given to secure, and demanded judgment for the
amount due thereon, and asked that it be decreed a first
lien upon the mortgaged premises. There was a hearing
on the merits, and a decree in favor of the intervener, as
prayed. The plaintiff appeals.—*Affirmed.*

*M. W. Beach* and *F. M. Powers* for appellant.

*George W. Bowen* for appellee.

ROBINSON, J.—In December, 1893, the plaintiff was
the owner of two hundred and twenty acres of land,
upon which the mortgage in controversy was afterwards
given; and the intervener was engaged in the business
of selling woven wire fence. He attempted to sell to the
plaintiff fences for the land, but was told by the latter
that he preferred to sell his farm for thirty-five dollars
per acre. The intervener told him that he could sell the
farm for forty dollars per acre if it were fenced. The
plaintiff then said that he would have the fence built if
the intervener would secure a purchaser for it at the
price last named. The intervener undertook to furnish
such a purchaser, and in the latter part of January,
1894, went to Cooper with the defendant, Wasmund,
and a sale of the farm to him at forty dollars per acre
was effected, and an agreement was made for building
the fence. The contract price of the fence to be built

was six hundred and fifty-one dollars. A note for that amount was made by Wasmund to the plaintiff, with other notes, and a mortgage to secure all of the notes thus given was executed by Wasmund. The fence was afterwards constructed, and the note given for the contract price therefor was surrendered to Wasmund, although he did not pay anything for it. The right of the plaintiff to the relief he demands against Wasmund does not appear to be questioned, and is not involved in this appeal.

I. The plaintiff demurred to the petition of intervention, but his demurrer was overruled. He now insists that it should have been sustained, for the alleged reason that the petition did not show sufficient grounds upon which to intervene. We do not think the claim thus made is well founded. The petition alleged that the intervener was the owner of one of the notes secured by the mortgage which the plaintiff was attempting to foreclose, and that it was the first note thus secured to become due. It thus appeared that the intervener had a direct interest in the mortgage, and in having determined the priority of the various claims which it secured, and it is the policy of the law to permit conflicting claims of priority growing out of a single mortgage to be settled in one action. The authority to have that done by means of proceedings by intervention is ample. Code 1873, section 2683; *Taylor v. Adair*, 22 Iowa, 279; *Dyer v. Harris*, 22 Iowa, 268. We are of the opinion that the demurrer was properly overruled.

II. The intervener and Wasmund are brothers-in-law, and it is the theory of the plaintiff that Wasmund was to pay the intervener for the fence, and that the note in controversy was given to secure the building of the fence. There is some testimony which tends to support that theory, but there are some facts, which are not seriously disputed, which, with other evidence for the intervener, satisfy us that the

theory is not correct, and that the note was to become the property of the intervener when he should have built the fence. The plaintiff was willing to sell his farm for thirty-five dollars per acre, and agreed to have the fence constructed if he could sell the farm for forty dollars per acre. The intervener found a purchaser at that price, and agreed to construct the fence. The sale was effected, and notes given for the purchase price, on the basis of forty dollars per acre for the farm. The fence was not to be constructed until later in the year, and, if the theory of the plaintiff be correct, there could not have been any object accomplished by giving him the fence note. If the purchaser was to pay the intervener for the fence in any other manner than by paying the note, the reasonable and direct method of accomplishing what was designed, so far as the plaintiff was concerned, would have been to deduct the price of the fence from the price of the farm, and accept the notes only for the remainder due. The only reasonable purpose to be accomplished by giving the fence note to the plaintiff was to have the price of the fence secured by the mortgage. There was no occasion to secure the plaintiff for the cost of the fence, if he was not under any obligation to pay the intervener for it. It is probable that the note was surrendered to Wasmund in consequence of some mistake. He was to pay for the fence it is true, as some of the witnesses for the plaintiff state; but he was to do so by paying the fence note, and that he has not done. We are well satisfied that the fence note belonged to the intervener when he completed the fence, and that it should have been delivered to him by the plaintiff. The decree of the district court effects justice, and is sustained by the evidence. It is therefore AFFIRMED.