BANK OF COMMERCE, H. A. EDWARDS, Receiver, AND B. F. MERRILL, Intervener, Appellants, v. J. M. TIMBRELL.

**Intervention and Substitution:** ASSIGNMENT OF CLAIM IN SUIT. Code, section 3549, providing that any person who has an interest in the matter in litigation, in the success of either of the parties, or against both, may become a party to an action between other persons, does not authorize one to whom the plaintiff had made an absolute assignment of his entire claim after suit has been commenced thereon, to intervene therein, since the proper remedy is to ask to be substituted as plaintiff.

DISMISSAL OF ORIGINAL PETITION BECAUSE INTERVENTION IS DISMISSED: *Abatement.* Where suit is commenced, and the claim sued ( assigned to one who attempts to intervene, and a motion to strike out the petition of intervention is sustained, but the question of the intervenor's right to continue the case in plaintiff's name, or to be substituted for plaintiff is not raised, it is error to dismiss the original petition.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

FRIDAY, DECEMBER 21, 1900.

THIS action was originally brought by the Bank of Commerce. Afterwards the bank went into the hands of a receiver, and the court was asked that he be substituted as plaintiff. Whether the order was made or not does' not appear. After this request was made, B. F. Merrill intervened, alleging the purchase by him of the claim against the defendant, and an assignment to him of all right, title, and interest of the bank and the receiver therein, and in the suit then pending for its collection. The defendant filed a motion to strike the petition of intervention, alleging, among other grounds therefor, that the intervener is shown to be the absolute owner of the claim, and therefore not a proper person to intervene. The motion was sustained generally, and the petition of intervention was dismissed, as was also the original petition. The plaintiff and intervenor appeal. —*Reversed.*

*J. F. & W. R. Lacey* and *L. C. Blanchard* for appellants.

*Seevers & Bryan* for appellee.

SHERWIN, J.—Section 3594 of the Code provides that "any person who has an interest in the matter in litigation, in the success of either of the parties to the action, or against both, may become a party to an action between other persons, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendant in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant." To entitle the assignee to maintain his action as an intervener, it is quite clear and well established that he must bring himself within some one or more of the provisions of the statute above quoted. It is beyond dispute that

he had an interest in the matter in litigation; for before filing his petition the entire interest of the plaintiff in the suit and in the claim on which it was based had been sold and transferred to him, so that he became the sole and only person who had an interest in the matter adverse to the defendant. It cannot logically be said that he was "demanding anything adversely to both the plaintiff and the defendant," because by express assignment all his rights in the pending action became his. In this respect the case differs from *Dunham v. Greenbaum,* 56 Iowa, 303, in which there was a general assignment for the benefit of creditors; and, after the assignment had been made, the assignors, who were defendants in attachment suits which had been brought before the assignment, answered and filed a counterclaim for damages on the bond. The assignee then intervened, claiming the damage by reason of the wrongful attachment. It was held that he might do so. So far as the opinion declares, there was no evidence of collusion between the assignors and the assignee, nor anything to show that the assignors were not claiming damages as against even the rights of the assignee, therefore it was properly held that his interest in the matter involved was adverse to both the plaintiffs and the defendants. In *Stove Co. v. Bowers,* 109 Iowa, 175, there was also a general assignment after attachment, and the assignee intervened and sued on the bond; and the assignor, the defendant in the attachment suits, also answered, set up a counterclaim on the bond, and joined the intervening assignee in the prayer for damages. It was held that he might do so, but the case is distinguishable from this, because the assignor there still retained a contingent interest in the property and rights he had transferred, and it was to his interest to assist in the prosecution of the claim on the bond, for by so doing he was enhancing the value of his estate in the hands of his trustee, and at least might profit thereby. It is said the assignee was interested in the success of the plaintiff, and was therefore entitled to intervene, but the evident intent of the statute is to permit inter-

vention in such cases only when the record shows some interest in the plaintiff. After the assignee had filed his petition of intervention, it appeared conclusively that the plaintiff no longer had a shadow of interest in the matter in litigation. We are of opinion that the assignee should have asked to be substituted as plaintiff, and that the court properly held that he could not intervene.

. This action was pending when the bank was turned over to the receiver. No question seems to have been tried below involving the right to continue it in the plaintiff's name, or involving the right of substitution. The only question which appears to have been before the court was that of the right of the assignee to intervene, and this motion only asked that the petition of intervention be dismissed; but the court, at the same time that he sustained the motion, dismissed the original petition. This we think was error. The statute expressly provides that "no action shall abate by the transfer of any interest therein during its pendency," and, on the record presented to us, the original action should not have been dismissed.—REVERSED.