JOHN ORCUTT v. JOHN WOODARD, SR., JOHN WOODARD, JR., Defendants, AND MERCY WOODARD, Intervener, Appellants.

**Drainage:** PARTIES: INTERVENTION.  One whose land is affected by
1    the wrongful discharge of water thereon through a tile drain, may intervene in an action instituted for the purpose of preventing an obstruction of the same.

**Same:** OBSTRUCTION: DEFENSE.  It is a complete defense to a suit
2    to restrain the obstruction of a tile drain that the same wrongfully diverted water upon the defendant's land.

*Appeal from Wright District Court.*— HON. J. H. RICHARD, Judge.

TUESDAY, NOVEMBER 19, 1907.

SUIT in equity to restrain the defendants, John Woodard, Sr., and John Woodard, Jr., from interfering with or obstructing the outlet to a tile drain.    The owner of the land upon which the outlet is located intervened.    The petition of intervention was stricken from the files, as was also the defendants' amendment to answer and cross-bill.    The

case was then heard on its merits, and judgment entered restraining the defendant John Woodard, Sr., as prayed, and dismissing the suit as to John Woodard, Jr. The defendants and intervener appeal.— *Reversed.*

*Sylvester Flynn* and *Peterson & Knapp,* for appellants.

*Porter Donly* and *Nagle & Nagle,* for appellee.

SHERWIN, J.— The plaintiff is the owner of the E. ½ of the N. E. ¼ of section 23, township 90, range 26, and the intervener is the owner of the west half of the same quarter section. In the northeast corner of the plaintiff's land is a lake covering about twenty-four acres, including a part of the public highway, which extends along the entire east side of said farm. Some twenty-five years ago a six-inch tile drain was laid from said lake diagonally across the north half of the plaintiff's farm and extending about twenty rods into the intervener's land on the west, where it was left in an unfinished condition. This drain was constructed under an oral agreement, whereby it was to be extended across the Woodard land to a deep ravine or outlet in the southwest corner of the farm. It was never completed, however, and now lacks about seventy rods of being so completed. The evidence shows conclusively that the drain was constructed for the sole purpose of carrying off the overflow water from the lake mentioned, and thereby prevent the flooding of the public highway. But, in this connection, it must be observed that the tile was laid down through a natural swale or water course which naturally took the drainage from a part of the plaintiff's land. Within two or three years before this suit was brought, the plaintiff constructed three tile drains through his farm, all of which are connected with the main drain from the lake and discharge water into the same. At least one of these lateral drains collects and discharges into the central drain water which would

otherwise naturally flow in a different direction and into a different outlet or channel. The additional water thus thrown into the original drain has overloaded said drain, and damaged the intervener's land. The only interest the defendant John Woodard, Jr., had in the land owned by his mother was as her tenant, and John Woodard, Sr., had no interest therein. The petition of intervention alleged the facts set forth above, alleged damage to her land by the additional water thrown thereon by the plaintiff's diversion of water through his drains, and that the damage will continue. She asked that the plaintiff be restrained from continuing to so throw water upon her land and for damages. In the amendment to their answer which was stricken, the defendants alleged that they were acting as the agents of the intervener, and that all acts done by them in relation to the land were at her instance and request. They asked judgment in accordance with the prayer of the petition of intervention.

The court erred in striking the petition of intervention, and the amendment to the answer. Code, section 3594, provides that any person who has an interest in the matter in litigation or any interest in the success of either party to the action, or an interest against both, may become a party to an action between other persons, " either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendant in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant." The intervener was interested in the matter in litigation because it related solely to a tile drain discharging its water on her land in an unlawful manner, as she alleged, and to her great damage. She was interested in preventing an order which would restrain her tenant and agent from abating what she declared was a private nuisance. Her petition alleged that the plaintiff was casting upon her land through the drain in question water which would otherwise naturally flow elsewhere, and,

if this was true, as it must be conceded to be under the pleadings, it is manifest that the plaintiff could not be heard to complain of the acts of her agent or tenant which tended to circumvent his unlawful act. This is so elementary that authorities are not needed to support the proposition. The intervener's land is not to be charged with the burden of taking care of water wrongfully diverted thereto; and, to remedy the wrong thus inflicted upon her, she had the right, so far as the plaintiff was concerned, to dam the tile drain in any way she saw fit. On the subject of intervention generally, the following cases illustrate the rule: *Des Moines v. Lent,* 75 Iowa, 522; *Young v. Tucker,* 39 Iowa, 596; *Howe & Co. v. Jones,* 57 Iowa, 130; *Cooper v. Mohler,* 104 Iowa, 301; *Ringen v. Bowers,* 109 Iowa, 175.

The defendants by the amendment to their answer plead substantially the same matter as the intervener did, alleging in addition thereto that they were acting for her, and, if so, their defense was complete.

The judgment must be, and it is, reversed and the case remanded for proceedings not inconsistent with this opinion. — *Reversed.*