McCLELLAN et al. v. BLACKMAN (STATE OF SOUTH DAKOTA, Intervener.).

(Circuit Court, D. South Dakota. July 17, 1911.)

COURTS (§ 99*)—LAW OF THE CASE—FORMER DECISION.

    Where the right of the state to intervene in proceedings to recover property belonging to a decedent's estate had been sustained by the Circuit Court of Appeals, and the sufficiency of the petition in intervention had been considered on a motion to strike it from the files, a demurrer thereto must be overruled.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 340; Dec. Dig. § 99.*]

Action by John C. McClellan and others against George T. Blackman, special administrator of the estate of John C. McClellan, deceased, in which the state of South Dakota intervened. On complainants' demurrer to the bill in intervention. Overruled.

Grigsby & Grigsby, for complainants.

U. S. G. Cherry, Sp. Counsel, and S. W. Clarke, Atty. Gen., for state of South Dakota.

ELLIOTT, District Judge. This case was before this court upon motion in behalf of the state of South Dakota for leave to intervene and such motion was denied and further order made in the premises in reference to a stay of proceedings and the opinion of the court filed herein December 24, 1908. Whereupon the complainants presented to the United States Circuit Court of Appeals a petition for a writ of mandamus, commanding the United States District Judge of South Dakota to vacate his order staying the prosecution of this suit, and that court duly dismissed said petition, and the Supreme Court of the United States thereafter duly reversed such dismissal. McClellan v. Carland, 217 U. S. 268, 30 Sup. Ct. 501, 54 L. Ed. 762. The United States Circuit Court of Appeals thereupon issued an alternative writ of mandamus to the District Judge of the district of South Dakota and in answer to such alternative writ, the Honorable John E. Carland, District Judge, returned to the said Court of Appeals a transcript of all the files and records before him when the orders staying the suit were made, and the question then was, should the District Judge vacate said orders staying the suit and proceed to hear and decide the issues, presented by such bill in intervention. The United States Circuit Court of Appeals, Eighth Circuit, after an examination of such record, determined that the District Judge "should vacate said orders staying this suit and should proceed to hear and decide the issues it

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

presents." McClellan v. Carland, 187 Fed. 915. Opinion filed April 27, 1911. Thereupon the Honorable John E. Carland, Judge of the District Court for the district of South Dakota, upon all the proceedings theretofore had in said cause and "on consideration of the judgment of the Circuit Court of Appeals," ordered that the motion of the said state of South Dakota for leave to intervene in this action, be, and the same was, thereby granted, and an order was also entered vacating the order staying the proceedings in this action. Whereupon on the 19th day of December, A. D. 1910, the said state of South Dakota duly filed in this cause a bill in intervention as referred to in the foregoing orders; which bill in intervention was substantially the same and prayed for substantially the same relief as the former bill in intervention theretofore denied, as above set forth, on the 4th day of January, 1909. That thereafter, on, to wit, the 16th day of February, 1911, the Honorable Charles A. Willard, then District Judge for the district of South Dakota, upon a showing made by the complainants, required said intervener to show cause before the court at Sioux Falls, S. D., on the 1st day of March, A. D. 1911, why the orders of this court theretofore made, filed and entered in this cause, reciting therein the orders above set forth, should not be vacated, set aside, and held for naught, and why the said bill in intervention, filed herein on December 19, 1910, by the said state of South Dakota, should not be ordered stricken from the files and records in this cause for the reasons stated in the affidavits presented to the court and filed with such order. That said order to show cause was duly brought on for hearing before the court, Hon. Charles A. Willard, judge of said court, at the city of Sioux Falls, S. D., on March 16, A. D. 1911, and thereupon, on that date, an order was duly entered in the minutes of the court in all things denying the motion of the complainants to vacate, set aside, and hold for naught the said bill in intervention and denying the motion to strike said bill in intervention from the files and records of this cause. Whereupon, within the time granted by said order, the complainants duly filed and served a demurrer to said bill in intervention for the several reasons set forth therein; which demurrer is in form sufficient to raise the question of the sufficiency of said bill in form and substance as well as the jurisdiction of this court. This cause was thereupon duly noticed for trial and brought on for hearing upon said demurrer on the 27th day of June, A. D. 1911.

This action is one in equity brought by the complainants for the recovery of certain property alleged to be in the possession of the defendant, George T. Blackman, as special administrator of the estate of John C. McClellan, deceased. The bill in intervention on behalf of the said state of South Dakota, in the form of a sworn petition above referred to, sets forth that the property in question is the property of the state by reason of the fact that John C. McClellan died intestate, without heirs, and that this property, being the residue of his estate, escheated to the state. An examination of the record before the United States Court of Appeals, Eighth Circuit, discloses the fact that the bill in intervention, then under consideration by that court, is in all respects substantially the same as the bill that was thereafter

filed herein and to which this demurrer is interposed. Upon that record said court determined that the District Judge should not only vacate his order staying said suit and, proceed to hear the issues presented therein, but also determined:

"It is possible that the state will again apply to that court for leave to intervene, and, if it does, its application should, in our opinion, be granted." McClellan v. Carland, 187 Fed. 915. Opinion filed April 27, 1911.

That this decision of the United States Circuit Court of Appeals, Eighth Circuit, which, as shown by the record in this cause, was made and rendered at a regular term of said court at St. Louis, and affidavits as to the substance of the oral decision then rendered were furnished the then judge of the district court of South Dakota, and that he was influenced thereby, and that such decision, in his judgment, made it his duty to grant the motion of the state of South Dakota for leave to intervene herein—is evidenced by the language of the order thereafter entered by the Honorable John E. Carland, judge of the United States District Court for the district of South Dakota, dated December 9, 1910, and filed herein, in which he specifically refers to the judgment of the Circuit Court of Appeals, from which the above quotation, relative to the leave of the state to intervene, is taken.

After granting leave to file said bill in intervention, such proceedings were had that a motion was made by the complainants to vacate, set aside, and hold for naught said bill in intervention, filed pursuant to said order of this court on the 19th day of December, 1910, and a motion to strike from the files and records of this cause said bill in intervention, and the same was brought on for hearing upon an order to show cause, before the Honorable Charles A. Willard, then acting United States District Judge for the district of South Dakota, and after a full hearing upon said motion, an order was made and entered in the minutes of the court in all things denying said motion. This order overruling the motion of the complainants to strike out this petition in intervention was equivalent to granting leave to file the bill in intervention. Ringen S. Co. v. Bowers, 109 Iowa, 175, 80 N. W. 318. In view of this record showing an order permitting the state of South Dakota to file its bill in intervention and the subsequent order of this court overruling the motion of the complainants to strike out said bill in intervention, it becomes important in the determination of the issues raised by this demurrer to note what issues were presented and were proper for the consideration of the court upon the making of the above-named orders.

In our judgment every issue presented by this demurrer was presented to the court, and was before it for determination at the time each of the above-named orders were made. It is our judgment that when it was determined by the court to permit the filing of the petition in intervention, the sufficiency of the allegations of the bill in intervention to give this court jurisdiction thereof was passed upon by the court. Upon making and entering the order denying complainants' motion to strike this bill in intervention from the files, the suffi-

ciency of said bill, both as to stating a cause for intervention and showing the jurisdiction of this court, was again passed upon.

It therefore appearing from the record that the right to intervene and this petition in intervention were favorably considered by the United States Circuit Court of Appeals, Eighth Circuit; that such opinion was interpreted by this court and an order granting the filing of the bill in intervention was made; that the motion to strike said bill in intervention was thereafter denied by this court; that all of the objections urged upon this demurrer were duly considered by this court in the making of the above and foregoing orders, and that such issues were resolved against the complainants herein—this court will now act upon the interpretation that must have necessarily been placed upon said petition in intervention in both instances and over-rule the demurrer.

The order is that the demurrer of the complainants to the bill in intervention be overruled, and that this cause proceed as equity and justice may require.